**RECEIVED**

OCT 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JENNIFER HEBERT AND DELANA HARRIS<br>*Individually and on behalf of*<br>*others similarly situated* | CIVIL ACTION NO. ~~00-2365~~ 06-1535<br><br>JUDGE ~~HAIK~~ Doherty |
| VS. | MAGISTRATE JUDGE METHVIN |
| ALLSTATE INS. CO. | |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This lawsuit was removed from a local state court based on the allegation of defendant Allstate Insurance Company that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332.

Plaintiffs, Jennifer Hebert and Delana Harris, allege that they purchased collision policies from Allstate and were subsequently involved in automobile accidents. Plaintiffs claim that they had their vehicles repaired at approved repair shops, but that Allstate only paid for repairs to their vehicles that were set forth in the estimates issued by their repair shops. Plaintiffs claims that neither repair shop included in the estimate the cost of inspecting the seatbelt locking systems in their vehicles, and that Allstate refuses to pay for this additional inspection. Plaintiffs claim that inspection of the seatbelt locking system has been identified by the Inter - Industry Conference on Collisions as a necessary inspection for any vehicle involved in a collision. Plaintiffs filed this lawsuit on behalf of themselves for breach of contract and seek to have this case certified as a class action, with the named plaintiffs representing the interests of the plaintiff class.

I. **Plaintiffs' Stipulation Regarding Damages Sought and Article 893**

In accordance with state law,[1] plaintiffs have not specified the numerical value of their damages claim. However, in their petition, plaintiffs allege the following:

> Plaintiff[s] and all members of the Class have individually incurred damages in an amount less than $50,000.00. Neither Plaintiff[s], nor any member of the Class seek[] damages exceeding $75,000.00, and their individual damages do not exceed $75,000.00 inclusive of interest and attorney's fees and all relief of any nature sought hereunder.[2]

Allstate removed the instant case under, *inter alia*, 28 U.S.C. §1332, contending that "[t]here is complete diversity between Allstate and the plaintiffs, and the amount in controversy exceeds the sum of $75,000. In addition, this is a class action and the aggregate amount in controversy exceeds $5,000,000."

In determining whether the jurisdictional minimum is met, the plaintiff's claim for relief controls if the claim is made in good faith. See <u>DeAguilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir.1995) ("<u>DeAguilar II</u>"), citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Louisiana plaintiffs are generally prohibited from specifying a monetary amount of damages in their state court petitions. <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir.1999). However, article 893 of the Louisiana Code of Civil Procedure was recently amended to provide in part:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, *the right to a jury trial*, the lack of jurisdiction of federal

---

[1] La.Code Civ.P. art. 893.

[2] Rec. Doc. 1, Plaintiff's Class Action Complaint and Petition for Damages, ¶5.

courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La.Code Civ. Proc. art. 893(A)(1) (emphasis added), cited in DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005).

When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In previous cases in which a plaintiff has stipulated in either the petition or in some other pre-removal document that the amount in controversy is less than $75,000, this court has nevertheless permitted defendants to set forth specific facts in controversy that would support a finding that the jurisdictional amount is established.

## II. Aggregation of Damages Claims in Class Action Lawsuits

The undersigned first notes that when determining the amount in controversy for jurisdictional purposes, courts generally may not aggregate the claims of multiple plaintiffs, including those of class members. Instead, the court must consider each claim separately. See ABS Ins., Ltd. v. National Union Fire Ins. Co., 51 F.Supp.2d 762, 766 (E.D Tex.1999), citing Snyder v. Harris, 394 U.S. 332, 333, 89 S.Ct. 1053, 1055, 22 L.Ed.2d 319 (1969). In Snyder, the Supreme Court held that the independent refund claims of a class of public utility customers could not be aggregated because the customers did not share a single undivided interest. 394 U.S. at 340, 89 S.Ct. at 1059. *See also* Asociacion Nacional De Pescadores a Pequena Escala O

Artesanales De Colombia (Anpac) V.dow Quimica De Colombia S.A., 988 F2d. 559, 563 (5th Cir. 1993). See also Gisclair v. National Cas. Co.,1998 WL 139989, *1 (E.D.La. March 26, 1998).

The exception to the rule of non-aggregation is that parties with a common and undivided interest in the adjudication of a single claim may aggregate their claims to meet the jurisdictional amount. "It is well-established that aggregation of damages allegedly owed to separate plaintiffs is permitted where 'two or more plaintiffs unite to enforce a single title or right in which that have a common and undivided interest.'" Acosta v. Amoco Oil Co., 987 F.Supp. 703 (S.D.Tx.1997). A "common and undivided interest" for purposes of aggregation is described as follows:

> The paradigm cases of 'common and undivided interest' . . . are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy. These are matters that cannot be adjudicated without implicating the rights of everyone involved with the res. This is not true of punitive damages. Individual plaintiffs can sue separately for punitive damages, and, whether they prevail on the merits or not, whether they are awarded punitive damages or not, the rights of subsequent plaintiffs remain unaffected.

ABS Ins., Ltd, *supra*, 51 F.Supp.2d at 767 (E.D Tex.1999).

Where the interests of multiple plaintiffs are distinct, and they are joined for the sake of convenience only, aggregation of claims is improper. ABS Ins., Ltd., 51 F.Supp.2d at 767, citing Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 425, 34 L.Ed. 1044, 1049 (date); Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329 (1885); Hawley v. Fairbanks, 108 U.S. 543, 2 S.Ct. 846, 27 L.Ed. 820 (1883).

In the instant case, it is clear that any class members' claims would be separate and divisible. There is not one *res* at issue here; indeed, the class members' individual claims for

breach of contract would involve breaches of separate and distinct contracts. Thus, at least one plaintiff must meet the $75,000 jurisdictional amount in order for the court to have subject matter jurisdiction.[3]

A review of the complaint raises serious questions as to whether any individual plaintiff can meet the requisite jurisdictional amount based on his or her compensatory damage claim. As mentioned previously, plaintiffs have stipulated that their damages claims do not exceed $50,000. Furthermore, from a reading of the complaint in this case, it is doubtful that *compensatory damages* would rise to the level of $75,000 as to any individual plaintiff.

A. **Punitive Damages**

To the extent that Allstate contends that plaintiffs' claims for punitive damages satisfy the jurisdictional amount, it is well-settled that jurisdictional amount may not be met by aggregation of plaintiffs' punitive damage claims. As discussed above, punitive damages may not be aggregated for purposes of establishing amount in controversy. The proper analysis for evaluating punitive damage claims in determining the jurisdictional amount in class actions is set forth in H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326 (5th Cir. 2000). In that case, plaintiffs admitted that no single class member met the jurisdictional amount as to compensatory damages sought. However, a large aggregate punitive damage claim was

---

[3] The court has the discretion to exercise supplemental jurisdiction over related state law claims of the remaining plaintiffs if at least one plaintiff meets the jurisdictional amount. 28 U.S.C. §1367(a) (supplemental jurisdiction of federal courts extends "to include claims that involve the joinder or intervention of additional parties). *See also* In re Abbott Laboratories, 51 F.3d 524, 527-29 (5th Cir.1995), aff'd by an equally divided court sub. nom, Free v. Abbott Laboratories, 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000) *See also* Ryder v. Gilbert Southern Corp., 2000 WL 1499274, *2 (E.D.La. 2000)(if one class member's claim exceeds the jurisdictional amount, supplemental jurisdiction could be exercised over the claims of the remaining class members, citing In re Abbott Laboratories.)

presented. The court held that the punitive damage claim could not be aggregated to meet the jurisdictional requirement:

> In Lindsey [v. Alabama Telephone Co., 576 F.2d 593 (5th Cir.1978)], we held that the district court did not have subject matter jurisdiction over a removed class action where the plaintiff requested $2,000 in compensatory damages and $1 million in exemplary damages on behalf of the class. The complaint did not allege the number of class members, and thus we could not mathematically ascertain the amount in controversy for each member. [citation omitted] Implicit in this reasoning is that a claim for punitive damages must be allocated pro rata among class members to determine whether the jurisdictional requirement is met. Otherwise, the number of members would have been irrelevant, the district court would have had jurisdiction, and removal would have been appropriate.

Id. at 329-30. *See also* Ard v. Transcontinental Gas Pipe Line Corp., 138 F.3d 596, 602 (5th Cir.1998).

Other cases which have refused aggregation of punitive damage claims include Cohen v. Office Depot, Inc., 204 F.3d 1069, 1073-77 (11th Cir.2000), *cert. denied*, 121 S.Ct. 381, 148 L.Ed.2d 294 2000), where the court followed Lindsey (a "pre-split" Fifth Circuit opinion) and noted that a $10 million claim for punitive damages divided among 39,000 class members yielded a little more than $250 each -- not enough to meet the jurisdictional amount. In Johnson v. DirecTV, Inc., 63 F.Supp.2d 768 (S.D.Tex.1999), the court held that class actions are governed by general rule that multiple plaintiffs in diversity actions may not aggregate individual punitive damage claims for purposes of meeting jurisdictional minimum amount in controversy.

Thus, it does not appear that Allstate can remove the instant case on grounds that adding the plaintiffs' claims for punitive damages to their damages claims results in a jurisdictional amount that exceeds $75,000.

## B.     <u>Attorneys' Fees</u>

Similarly, with respect to attorneys' fees, the court has found no authority for aggregation of attorneys' fees in multiple-plaintiff non-class actions, and therefore, in those cases, the general rule of non-aggregation would appear to apply. However, the law on aggregation of attorneys' fees in class action lawsuits is different. <u>H&D</u> made clear that when a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees. <u>H&D Tire</u>, 227 F.3d at 330, <u>citing</u> <u>Graham v. Henegar</u>, 640 F.2d 732, 736 (5th Cir. 1981). If the statute awards attorneys' fees to the named plaintiffs in a class action, the fees are attributed solely to the class representatives. <u>H&D Tire</u>, 227 F.3d at 330, <u>citing</u> <u>Free v. Abbott Lab. (In re Abbott Lab.)</u>, 51 F.3d 524, 526-27 (5th Cir.1995), <u>aff'd by an equally divided Court</u>, 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000). *See also* La. C. Civ. P. art. 595.

In <u>Abbott</u>, plaintiffs brought an antitrust class action under Louisiana law, but alleged only $20,000 in actual damages. The Fifth Circuit found the jurisdictional amount for diversity had been met, based upon the claim for attorney's fees. The court relied on Louisiana statutes which provided that attorneys' fees would be awarded to the "representative parties" in a class action. By attributing the fee claim only among the representative parties, the jurisdictional amount was met.

The <u>Abbott</u> court relied upon two Louisiana fee statutes: (1) the general statute for recovery of attorneys fees in class actions, Article 595 of the Louisiana Code of Civil Procedure;[4]

---

[4] Article 595 of the Louisiana Code of Civil Procedure provides in pertinent part:

> A. The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

and (2) the specific statute authorizing recovery of fees in antitrust suits, Section 51:137 of the Louisiana Revised Statutes.[5] Abbott, 51 F.3d at 526. Following Abbott, it was unclear whether both statutes were necessary to the court's ruling, or whether the general statute alone was sufficient authority for attributing attorney's fee claims solely to the representative class. Some courts interpreted Abbott as requiring the existence of a separate attorney's fees statute in addition to Article 595 before attorney's fees can be considered. See, e.g., Ace Pest Control Co. v. K-Mart Corp., 979 F.Supp. 443 (E.D.La.1997) (Porteous, J.); Ryder v. Gilbert S. Corp., 2000 WL 1499274 (E.D.La. Sept. 21, 2000) (Sear, J.); Johnson v. Cytec Indus., Inc., 1999 WL 212753 (E.D.La. Apr. 13, 1999) (Vance, J.); Greer v. Mobil Oil Corp., 1997 WL 180477 (E.D.La. Apr. 14, 1997) (Clement, J.); Cooper v. Koch Pipeline, 1995 WL 931091 (E.D.La. Dec. 11, 1995) (Fallon, J.). Other Louisiana federal district courts concluded that the potential award of attorney's fees under Article 595 alone is sufficient. See, e.g., McKnight v. Illinois Cent. R.R., 967 F.Supp. 182 (E.D.La.1997) (Duval, J.); Kimball v. Modern Woodmen of Am., 939 F.Supp. 479 (M.D.La.1996) (Parker, J.); Brooks v. Georgia Gulf Corp., 924 F.Supp. 739 (M.D.La.1996) (Polozola, J.).

In 2002, the Fifth Circuit addressed the split in the Louisiana federal district courts and held that attorney's fees awarded to class representatives pursuant to Article 595(A) *may be*

---

La. C. Civ. P. art. 595 (2000).

[5] Sec. 51:137 provides:

> Any person who is injured in his business or property by any person by reason of any act or thing forbidden by this Part may sue in any court of competent jurisdiction and shall recover threefold the damages sustained by him, the cost of suit, and a reasonable attorney's fee.

La. Rev. Stat. §51:137 (2000).

included in calculating the requisite amount in controversy, even in the absence of some other provision of Louisiana law that specifically authorizes the award of attorney's fees. Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 866 (5th Cir. 2002).

In the instant case, plaintiffs seek attorney's fees but do not designate the statute under which such fees are sought.[6] Nevertheless, the Grant decision makes clear that, even absent a clear invocation of any Louisiana statute for the purpose of recovering attorney's fees, Article 595(A) alone permits the award of attorney's fees that may be awarded to be attributed to the class representatives in this matter. Notwithstanding the foregoing, the undersigned finds that Allstate removed the instant case under a false legal premise, that is, that the damages claims of the plaintiffs may be aggregated for the purpose of establishing this court's subject matter jurisdiction. Considering the foreoging,

**IT IS ORDERED** that *on or before November 17, 2006*, defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists in this case. Specifically, Allstate shall specifically state the precise legal grounds upon which it claims that the amount in controversy is satisfied, whether by virtue of the compensatory damages claims sought by plaintiffs, their claims for punitive damages, their claims for attorney's fees, or any combination of the foregoing. Fifth Circuit caselaw shall be cited where appropriate.

---

[6] Although penalties are sought under LSA-R.S. §22:1220 or, alternatively, under LSA-R.S. §22:658, it is not clear that attorneys' fees are sought under either of those statutes.

Plaintiff will be allowed ten days to reply to defendant's arguments.

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on October 23, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155

COPY SENT:
DATE: 10/23/06
BY: CLW
TO: Rarden
    Guidry
    Hanover    } via fax
    Kingsdorf
    Labarde
    Morrow